UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VETH K.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C18-5942-BAT

**ORDER REVERSING THE COMMISSIONER**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in assessing the opinions of several doctors, her subjective testimony, and her son's lay statement, and these errors led to a residual functional capacity ("RFC") determination that does not account for all of her limitations. Dkt. 13. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 55 years old, had some high school education in Thailand and had additional sewing training, and has worked in the United States as a seamstress. Tr. 54, 182. In November 2013, she applied for benefits, alleging disability as of April 24, 2013. Tr. 160-66. Her application was denied initially and on reconsideration. Tr. 101-03, 107-11. The ALJ

ORDER REVERSING THE COMMISSIONER - 1

conducted a hearing on January 28, 2016 (Tr. 49-75), and subsequently found Plaintiff not disabled. Tr. 28-39. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision. Tr. 15-20.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff's carpal tunnel sundrome, status post surgical repair; shoulder tendinitis; adhesive capsulitis; degenerative disc disease; minimal degenerative joint disease of the wrist; migraine; shoulder impingement; and scapular dyskinesia are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff can perform light work with additional limitations: she cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She can perform work that does not require her to crawl. She can perform work that avoids concentrated exposure to extreme temperatures, hazards, and vibrations. She can occasionally reach overhead bilaterally. She can frequently reach in all other directions, handle, finger, and feel with the left arm. She can occasionally reach in all other directions, handle, finger, and feel with the right arm.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 28-39.

## DISCUSSION

**A.    Medical evidence**

Plaintiff argues the ALJ erred in assessing the medical opinion evidence, specifically the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

opinions of examining physicians Nicholas Branting, M.D., and Jonathan Harrison, M.D., and the State agency non-examining medical consultant. Dkt. 13 at 2-10. The Court will address each disputed opinion in turn.[3]

### 1. Dr. Branting

Dr. Branting examined Plaintiff in March 2014 and wrote a narrative report describing her symptoms and limitations. Tr. 292-95. The ALJ gave partial weight to Dr. Branting's opinion, finding Plaintiff to be more limited than described by him, in that she had manipulative and postural limitations not referenced by Dr. Branting. Tr. 36.

Plaintiff argues that Dr. Branting's opinion is inconsistent with the ALJ's RFC assessment because Dr. Branting documented Plaintiff's complaint of right shoulder pain. Dkt. 13 at 3. While Dr. Branting mentions Plaintiff's report of shoulder pain (see Tr. 292, 295), the doctor nonetheless found Plaintiff to be limited in the manner he described. *See* Tr. 295. As mentioned above, the ALJ found Plaintiff to be more limited than described by Dr. Branting. Tr. 36. Plaintiff has failed to show the ALJ's assessment of Dr. Branting's opinion is erroneous.

### 2. Dr. Harrison

Dr. Harrison examined Plaintiff in June 2016 and completed a narrative report as well as a checkbox form describing Plaintiff's limitations. Tr. 590-600. According to the ALJ, Dr. Harrison did not mention any reaching limitations on Plaintiff's left side in the narrative report, which undermined his opinion in the checkbox form that she was limited to occasional reaching on the left. Tr. 36. The ALJ found the occasional reaching limitations on the left side as

---

[3] Plaintiff also devotes pages of her brief summarizing other medical evidence, but fails to connect that evidence with a specific error in the ALJ's decision. Dkt. 13 at 4-9. Although Plaintiff contends this evidence shows her testimony had an objective basis (Dkt. 13 at 5), her summary of the evidence does not prove the ALJ's assessment of the medical evidence or her testimony was erroneous.

ORDER REVERSING THE COMMISSIONER - 3

described in the checkbox form were not as well explained and supported as the reaching limitations described in the narrative report, and thus credited the narrative report rather than the checkbox form in that respect. *Id*. Otherwise, the ALJ gave significant weight to Dr. Harrison's conclusions. *Id*.

Plaintiff argues the ALJ erred in finding a discrepancy in Dr. Harrison's opinions as to reaching limitations because in the narrative report, he indicated Plaintiff was limited to occasional reaching overhead and forward *bilaterally*, which is not inconsistent with his opinion on the checkbox form that Plaintiff was limited to occasional reaching overhead and in any other direction with the left. Dkt. 13 at 4. The record shows there is a discrepancy between the types of reaching discussed in the doctor's narrative report and the checkbox form: both opinions reference overhead reaching, but the narrative report mentions *forward* reaching and the checkbox form mentions reaching in *all other non-overhead* directions. *Compare* Tr. 593 *with* Tr. 597. Thus, although Dr. Harrison said in his narrative report Plaintiff could reach *forward* only occasionally bilaterally (and did not opine about directions other than forward or overhead), in the checkbox form he opined Plaintiff could reach in *any direction* occasionally with both right and left. *Id*. The Commissioner mentions Dr. Harrison's narrative report references occasional forward reaching bilaterally, but does not acknowledge this report is inconsistent with the RFC assessment, which indicates Plaintiff could frequently reach in all non-overhead directions with her left side. *See* Dkt. 16 at 4 (citing Tr. 33).

Because the ALJ purported to credit Dr. Harrison's narrative report as to the reaching limtiations, but did not entirely account for that opinion specifically as to the limitation to occasional forward reaching on the left, the ALJ erred. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a

medical source, the adjudicator must explain why the opinion was not adopted."). On remand, the ALJ must reconsider Dr. Harrison's opinions and either credit them, or provide valid reasons to discount them.

### 3. State agency consultants

Plaintiff argues the ALJ erred in giving partial weight to a State agency opinion because it was not based on an examination and the record was incomplete at the time the record was reviewed. Dkt. 13 at 9. These arguments fail. The ALJ is entitled to consider the opinions of a non-examining doctor. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). The ALJ also properly considered the entire record before him (rather than only the record before the State agency consultant) when deciding probative value of the State agency opinions, and in fact found the record indicated Plaintiff was more limited than found by the State agency. *See* Tr. 36. Plaintiff has failed to meet her burden to show error in the ALJ's assessment of the State agency opinion.

## B. Plaintiff's testimony

The ALJ discounted Plaintiff's testimony alleging disability, finding it inconsistent with: (1) objective medical evidence showing she was less limited than alleged, (2) evidence showing that she did not consistently take medication and/or follow through with treatment recommendations for her headaches, and (3) evidence that she stopped working for reasons unrelated to her impairments and continued to seek jobs. Tr. 34-35. Plaintiff contends these reasons are not clear and convincing, as required by Circuit law. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Regarding the ALJ's first reason, Plaintiff relies on her contentions discussed in the previous section about the ALJ's assessment of the medical evidence. Dkt. 13 at 10. Although, the Court finds the ALJ misapprehended the full extent of Dr. Harrison's opinion regarding Plaintiff's reaching limitations, Plaintiff has merely alleged but not shown how this error tainted the ALJ's assessment of her own testimony. Further Plaintiff does not address the ALJ's reasoning related to her headache allegations. Dkt. 13 at 10-11.

Plaintiff admits she stopped working for reasons unrelated to her impairments and continued to look for work, but contends this fact is not grounds to discount her testimony because her condition worsened since she stopped working. Dkt. 13 at 11. Plaintiff cites no authority for this proposition; the Court thus finds Plaintiff has not met her burden to show the ALJ erred. *See Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (affirming an ALJ's discounting of a claimant's testimony where the claimant admitted "that he left his job because his employer went out of business and probably would have worked longer had his employer continued to operate").

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's testimony, Plaintiff has not shown error in the ALJ's assessment of her allegations.[4]

---

[4] Plaintiff also includes a summary of her testimony in her briefing. Dkt. 13 at 11-15. This summary is untethered to specific legal arguments. Plaintiff suggests in this section and elsewhere in the brief the ALJ erred in finding she was capable of communicating in English. Dkt. 13 at 15, 17; Tr. 37. As noted by the ALJ, Plaintiff participated in the hearing without an interpreter (Tr. 37), and many of Plaintiff's medical records suggest she also engaged in medical care without an interpreter. Plaintiff's providers did, on occasion, question whether Plaintiff was able to read written English sufficiently. *See, e.g.*, Tr. 442, 457. On remand, Plaintiff may provide further argument to the ALJ regarding her ability to communicate orally and in writing in English.

1 | **C.    Lay testimony**

Plaintiff's son completed a third-party function report in January 2014.  Tr. 187-94.  The ALJ discounted Plaintiff's son's report of disabling limitations as inconsistent with the objective medical evidence, showing Plaintiff's condition was only mild to moderate in severity.  Tr. 35-36.  Plaintiff argues this reasoning is not germane because the ALJ did not identify any medical evidence that actually contradicts Plaintiff's son's description of her limitations.  Dkt. 13 at 15-16.

The ALJ did, in fact, cite evidence that contradicts Plaintiff's son's statement, however.  The ALJ cited a medical report indicating an x-ray and normal examination of Plaintiff's shoulders in January 2014 despite her allegations of pain, and unchanged findings since November 2011, when she was working.  Tr. 36 (citing Tr. 321).  The ALJ also cited a report describing an MRI of Plaintiff's cervical spine, describing mild and moderate findings.  Tr. 447.  The ALJ reasonably construed the medical evidence to be inconsistent with Plaintiff's son's description of disabling physical limitations, and did not err in discounting his statement on that basis.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (affirming an ALJ's rejection of claimant's family members' statements based on inconsistency with medical evidence).

# CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reconsider Dr. Harrison's opinions, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

Plaintiff may provide further evidence or argument to the ALJ regarding her ability to communicate orally and in writing in English.

DATED this 11th day of September, 2019.

			BRIAN A. TSUCHIDA
			Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER - 8